IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALUCIOUS WILLIAMS, JR. ) | |
|     Plaintiff, ) | Civil Action No. 7:22-cv-00670 |
| ) | |
| ) | MEMORANDUM OPINION |
| v. ) | |
| ) | By: Joel C. Hoppe |
| CPT. GILBERT, *et al.*, ) | United States Magistrate Judge |
|     Defendants. ) | |

This case was filed by *pro se* Plaintiff Reginald Alucious Williams, Jr., formerly an inmate in the custody of the Virginia Department of Corrections.[1] He alleges claims pursuant to 42 U.S.C. § 1983 for violations of First, Eighth, and Fourteenth Amendments against four correctional officers (Oh, Clifton, Castle, and Philips), Captain Gilbert, Sergeant Taylor, Unit Manager Larry Collins, and Assistant Warden S. Fuller. ECF No. 1, Compl. Defendants move to dismiss four of the six claims brought by Williams. ECF No. 16. The parties consented to jurisdiction before the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c)(1). ECF No. 15.

The court will grant defendants' motion to dismiss.

I. BACKGROUND

According to the complaint, on December 15, 2020, while he was being housed as an inmate at Red Onion State Prison, Williams covered his cell door window to protest being denied use of a phone to make a "legal call." Compl. ¶ 16. Officer Philips exchanged words with Williams, and Philips called Sgt. Taylor, along with Officers Oh, Clifton, and Castle to Williams's cell. *Id.* ¶¶ 18–19. Sgt. Taylor instructed Williams to cuff up so he could be moved

---

[1] Williams is currently incarcerated in North Carolina pursuant to an interstate compact with Virginia. ECF No. 20.

from his cell (C-201) to a "strip cell," and Williams was placed in wrist and ankle restraints. *Id.* ¶¶ 20–21. Clifton said, "Don't come out the cell looking tough you little bitch," and Williams "attempted to spit on him." *Id.* ¶¶ 21–22. Williams alleges that Officers Oh, Philips, Clifton, and Castle, and Sgt. Taylor then punched him in the face. *Id.* ¶ 23.

As Williams lay on his stomach, he was "struck 7–8 more times, once in the eye with a canister of mace." *Id.* The officers sat on Williams' back "applying pressure to [his] chest area attempting to stop [him] from breathing." *Id.* ¶ 24. Unit Manager Collins was called to Williams's cell and ordered that he be placed in a spit mask. *Id.* ¶ 26. Williams was then placed in four-point restraints, evaluated by a nurse, and placed in cell C-202. *Id.* ¶ 27. Later that day, Officer Oh allegedly taunted Williams and gave him empty food trays at lunch and dinner. *Id.* ¶¶ 28–31. Williams was left in the four-point restraints overnight. *Id.* ¶ 32.

Williams alleges that he submitted an Emergency Grievance on December 18, 2020, and he was seen by a nurse and given Tylenol. *Id.* ¶ 34. Williams also filed an informal complaint on December 15, 2020. *Id.* Lt. Barton responded to the complaint by stating that no excessive force had been used. *Id.*

Williams brings the following claims:

- <u>Claim one:</u> Violation of the Eighth and Fourteenth Amendments against Warden Fuller for "witnessing" the illegal actions of Oh, Philips, Clifton, Castle, and Taylor, "failing to correct that misconduct, and "encouraging the continuation of the misconduct." *Id.* ¶ 36.

- <u>Claim two:</u> Against Captain Gilbert, retaliation in violation of the First Amendment by "threatening Plaintiff Williams with more physical violence for exercise of his right to seek redress from the prison through use of the prison grievance system." *Id.* ¶ 37.

- <u>Claim three:</u> Violation of the Eighth Amendment, against Oh, Philips, Castle, and Taylor, by "using illegal strikes with their hands and a weapon while Plaintiff Williams was in handcuffs and leg restraints and posed no physical threat." *Id.* ¶ 38.[2]

---

[2] Defendants' motion does not seek dismissal of this claim.

2

- Claim four: Violation of the Eighth and Fourteenth Amendment against Oh for denying Williams lunch and dinner. *Id.* ¶ 39.

- Claim five: Against Unit Manager Collins for violation of the Eighth and Fourteenth Amendments by witnessing the actions of Oh, Philips, Clifton, Castle, and Taylor, by "failing to correct that misconduct" and by "encouraging the continuation of the misconduct." *Id.* ¶ 40.

- Claim six: Violation of the Eighth Amendment for "placing Plaintiff Williams in 4-point restraints for 21 hours with no mattress, suicide smock, suicide blanket, forcing him to endure the harsh weather conditions," against Collins and Taylor. *Id.* ¶ 41.[3]

Williams seeks declaratory and injunctive relief and $50,000 in compensatory and punitive damages against each defendant jointly and severally. *Id.* ¶¶ 42–46.

## II.  ANALYSIS

**A.  Motion to Dismiss**

Defendants moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. When analyzing such a motion, the court must view all well-pleaded allegations in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Even so, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. A plaintiff must "plausibly suggest an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

---

[3] Defendants' motion does not seek dismissal of this claim.

In addition, *pro se* plaintiffs are held to a "less stringent standard" than lawyers, and courts construe their pleadings liberally, no matter how "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a *pro se* complaint must still meet the "minimum threshold of plausibility" under *Twombly* and *Iqbal*. *See Manigault v. Capital One, N.A.*, CIVIL NO. JKB-23-223, 2023 WL 3932319, at *2 (D. Md. June 8, 2023). While *pro se* complaints "represent the work of an untutored hand requiring special judicial solicitude," district courts are not required to "conjure up questions never squarely presented to them" or to "construct full blown claims from . . . fragments." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277–78 (4th Cir. 1985).

**B. First Amendment: Claim Two Against Captain Gilbert**

In order to state a colorable retaliation claim under 1983, a plaintiff must allege that he (1) engaged in protected First Amendment activity, (2) the defendant took some action that adversely affected his First Amendment rights, and (3) there was a causal relationship between his protected activity and the defendant's conduct. *Martin v. Duffy*, 858 F.3d 239, 249 (4th Cir. 2017). Inmates have a "First Amendment right to be free from retaliation for filing a grievance" that is "clearly established." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 546 (4th Cir. 2017). This is true even though inmates "do not have a constitutional entitlement to and/or due process interest in accessing a grievance procedure . . ." *Id.* at 542 (collecting cases).

The Fourth Circuit has cautioned that courts should treat an inmate's claim of retaliation by prison officials "with skepticism." *Stevens v. Clarke*, Civil Action No. 7:21-cv-00570, 2022 WL 2757637, at *5 (W.D. Va. July 14, 2022) (citing *Cochrane v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996)). Thus, conclusory allegations of retaliation are insufficient to survive dismissal. *Adams v. Rice*, 40 F.3d 72, 74–75 (4th Cir. 1994) (summarily dismissing retaliation claim as

insufficient because it consisted merely of conclusory allegations and no facts to show retaliatory motivation).

Defendants concede that, taking all reasonable inferences at this stage in favor of plaintiff, Williams satisfied the first element by pleading that he filed an informal complaint on December 18, 2020. Regarding the second element, Williams claims that Captain Gilbert threatened him with "more physical violence for exercise of his right to seek redress from the prison through the use of the prison grievance system." (Compl. 37.) A plaintiff "suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005). Captain Gilbert's conduct in allegedly making a generalized threat of physical violence is insufficient to support Williams' First Amendment retaliation claim. *See Stevens*, 2022 WL 2757637, at *6 ("verbal threats of retaliation, unless they are sufficiently specific and direct, generally do not constitute an adverse action for purposes of a retaliation claim"); *Mateo v. Fisher*, 682 F. Supp. 2d 423, 434 (S.D.N.Y. 2010) (explaining that a threat that the plaintiff would have to "pay the consequences for filing a grievance" was not an adverse action). Therefore, plaintiff has failed to state a retaliation claim.

## C. Eighth Amendment: Claim One Against Fuller and Claim Five Against Collins; Claim Four against Oh

### 1. Fuller and Collins: Bystander Liability

Williams brings Eighth Amendment claims against Fuller and Collins on a bystander liability theory that they witnessed the December 15, 2020, assault and encouraged it instead of trying to stop it. To state such a claim, plaintiff must allege facts that the defendant (1) knew a fellow officer is violating an individual's constitutional rights, (2) had a reasonable opportunity to prevent the harm, and (3) chose not to act. *Randall v. Prince George's Cnty.*, 302 F.3d 188,

204 (4th Cir. 2002). Here, Williams' formulaic recitation of his claims that Fuller and Collins "witnessed" the alleged assault is insufficient to plausibly allege that they knew of the violation and had an opportunity to prevent the harm. *Iqbal*, 556 U.S. at 678. For instance, Williams explicitly alleges that Collins was "called" to his pod *after* the assault, and at that point, Collins instructed the officers to put a spit mask on Williams because his left eye was swollen. Compl. 26. Williams alleges that Fuller witnessed the alleged illegal actions and failed to correct the misconduct; however, this qualifies as a boilerplate recitation. In the factual description set forth in the complaint, Fuller is never mentioned as being present when the assault occurred. Nor does the complaint allege that Fuller knew it was happening and refused to take any action. Based on these allegations, it is not reasonable to infer that Fuller and Collins witnessed or otherwise knew that the alleged assault was occurring or had an opportunity to stop it. The complaint fails to allege any factual detail about how Fuller and Collins were personally involved by identifying the actions they took or failed to take, or that they observed the allegedly unconstitutional conduct of others.. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). For these reasons, the court will dismiss the Eighth Amendment claims against Fuller and Collins.

**2. Oh: Meals**

In this claim, plaintiff alleges that Oh gave him empty food trays on two occasions at mealtime. In the context of providing food in prison, the Eighth Amendment imposes a duty on prison officials to provide inmates with "adequate food." *Shirley v. Woodson*, Civil Case No. 7:20-cv-00296, 2020 WL 3869543, at *2 (W.D. Va. July 9, 2020) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). Courts have held that "isolated incidents of meal service disruption do not rise to the level of a constitutional violation, where no significant injury results." *Poindexter v. Lee*, No. 7:17CV00386, 2018 WL 3617890, at *1 (W.D. Va. July 30, 2018); *see*

*also Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2020) (reasoning that an Eighth Amendment claim based on inadequate food can be stated by allegations that the prisoner lost weight or suffered other adverse physical effects or was denied a nutritionally and calorically adequate diet). Williams does not allege any sort of injury from missing two meals, and his formulaic statement that this caused him "pain, suffering, physical injury, and emotional distress" is insufficient to state a plausible claim. "Missing an occasional meal simply does not constitute cruel and unusual punishment." *Bleil v. Unknown Named Staff of WRSP*, Case No. 7:22CV00507, 2022 WL 17485555, at *2 (W.D. Va. Dec. 7, 2022) (citing *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993)). This claim will be dismissed.

D. **Fourteenth Amendment**: **Claim One Against Fuller and Claim Five Against Collins; Claim Four against Oh**

Williams references the Fourteenth Amendment, in addition to the Eighth Amendment, in his claims against Fuller, Collins, and Oh. However, "the Due Process Clause affords no greater protection than does the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 327 (1987). Allegations that prison officials have used excessive force or have been indifferent to prison conditions imposed without a legitimate penological purposes "fall squarely within the ambit of the Eighth Amendment—not the due process clause." *Prieto v. Clarke*, 780 F.3d 245, 251 (4th Cir. 2015). Therefore, Williams cannot bring a stand-alone substantive due process claim. Neither do Williams's allegations implicate procedural due process. *See Rivera v. Mathena*, 795 F. App'x 169, 177 n.6 (4th Cir. 2019) (declining to reach procedural due process claim where the plaintiff could "obtain the entirety of the relief he [sought] under his Eighth Amendment conditions of confinement claim"); *Darr v. Stout*, Civil Action No. 7:23cv00298, 2023 WL 7549864, at *4 (W.D. Va. Nov. 14, 2023) (explaining that the "same reasoning applies to any claimed violation of procedural due process arising from the use of force").

### E. Injunctive and Declaratory Relief

As noted, Williams is no longer housed at Red Onion or at any VDOC facility. Therefore, his claims for injunctive and declaratory relief are moot. *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007) (explaining that a prisoner's transfer to a "unit or location where he is no longer subject to the challenged policy, practice, or condition moots his claims for injunctive relief, even if a claim for money damages survives").

### F. Official Capacity Claims

Finally, to the extent that Williams is attempting to bring claims against defendants in their official capacities, Williams has failed to state a claim because a § 1983 claim against a governmental agent acting in his official capacity must allege in the complaint a policy or custom of the governmental unit that violates the rights of those against whom the policy or custom is practiced. *See Walker v. Prince George's Cnty., Md.*, 575 F.3d 426, 431 (4th Cir. 2009). Plaintiff's complaint does not plausibly allege such policy or custom.

### III. CONCLUSION

For these reasons, the court will grant defendants' motion to dismiss and issue an appropriate order.

ENTER: January 29, 2024

/s/Joel C. Hoppe
U.S. Magistrate Judge